IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONNA HYTTINEN,<br><br>    Plaintiff,<br><br>  v.<br><br>THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | Case No. 24-cv-11083<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Keri L. Holleb Hotaling** |

## DEFAULT FINAL JUDGMENT ORDER

This action having been commenced by Plaintiff JONNA HYTTINEN ("Hyttinen") against the defendants identified on Schedule A, and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Hyttinen having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Hyttinen having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Hyttinen has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Hyttinen's federally registered copyrighted works (the "Copyrighted Works") to residents of Illinois. In this case, Hyttinen has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Hyttinen Copyrighted Works. *See* Docket No.22, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Hyttinen Copyrighted Works.

A list of the Hyttinen Copyrighted Works are included in the below chart.

| Registration Number | Copyright Title | Reg. Date |
|---|---|---|
| VA 2-372-603 | Galaxy Wolf | Sept. 26, 2023 |
| VA 2-372-610 | Fragile | Sept. 26, 2023 |
| VA 2-372-604 | In the Darkness | Sept. 26. 2023 |

2

This Court further finds that Defaulting Defendants are liable for willful Copyright Infringement (17 U.S.C. § 501)and Removal or Falsification of Copyright Management Information (17 U.S.C. § 1202).

Accordingly, this Court orders that Hyttinen's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the [Plaintiff's] Copyrighted Works or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Hyttinen product or not authorized by Hyttinen to be sold in connection with the [Plaintiff's] Copyrighted Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Hyttinen product or any other product produced by Hyttinen, that is not Hyttinen's or not produced under the authorization, control, or supervision of Hyttinen and approved by Hyttinen for sale;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Hyttinen, nor authorized by Hyttinen to be sold or offered for sale, and which bear any of Hyttinen's Copyrighted Works, including any reproductions, counterfeit copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using Plaintiff's Copyrighted Works; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing Plaintiff's Copyrighted Works or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Hyttinen product or not authorized by Hyttinen to be sold in connection with Plaintiff's Copyrighted Works.

3. Upon [Plaintiff'S]'s request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using Plaintiff's Copyrighted Works.

4. Pursuant to 17 U.S.C. § 504(c), Hyttinen is awarded statutory damages from each of the Defaulting Defendants in the amount of $100,000 for willful use of infringing Copyrighted Works on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to Hyttinen as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to Hyttinen the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Hyttinen has recovered full payment of monies owed to it by any Defaulting Defendant, Hyttinen shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Hyttinen identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Hyttinen may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 1 to the Declaration of Jonna Hyttinen and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The twenty size thousand dollar ($26,000) surety bond posted by Hyttinen is hereby released to Hyttinen or her counsel, SRIPLAW. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Hyttinen or her counsel.

This is a Default Judgment.

Dated: March 11, 2025

*Thomas M. Durkin*

Thomas M. Durkin
United States District Judge

## Schedule A

| Doe No. | Marketplace | Store Name |
|---|---|---|
| 1 | Amazon | Umama Shop |
| 2 | Amazon | ESH7Shop |
| 3 | Amazon | Song of Winters |
| 4 | Amazon | StarStudio001 |
| 6 | Amazon | Genta Kojima |
| 7 | Amazon | Bell cat ® |
| 8 | Amazon | S-G Trade |
| 9 | Amazon | STZYY |
| 10 | Amazon | yujing-poster |
| 11 | Amazon | yinzihang |
| 12 | Ebay | Beautiful Stuff Wholesale |
| 13 | Ebay | Peter's Wholesale Marketplace |
| 14 | Ebay | QuickQuick |
| 15 | Ebay | wholesaledistributor888 |
| 16 | Ebay | Official_Shop_BonusVersus6 |
| 17 | Ebay | CYFUN DESIGN OFFICIAL STORE |
| 18 | Ebay | Well and Truly Stuck Stickers |
| 19 | Other | FIYO DIAMOND PAINTING |
| 20 | Other | diamondpaintingnz |
| 21 | Other | inkotattoo |
| 22 | Redbubble | InventiveOlogy |
| 23 | Redbubble | svetlana84 |
| 24 | Redbubble | aimed2 |
| 25 | Redbubble | Danielle555 |